IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CARL E. MCKEE<br>   Debtor | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>   Objectant | : | |
|    vs. | : | |
| TRACY L. UPDIKE, ESQUIRE<br>   Applicant | : | CASE NO. 1:19-bk-04521-HWV |

**TRUSTEE'S OBJECTION TO APPLICATION OF
ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 21st day of September, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on September 1, 2023 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On October 21, 2019, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code. The Court confirmed their Chapter 13 Plan on January 22, 2020. (ECF No. 1, 23).

3. The confirmed plan provided that Debtors' counsel would be paid the amount of $4,000.00 in this case as a presumptively reasonable fee pursuant to L.B. R. 2016-2(c). Specifically, Paragraph 3(A)(2)(a) of the plan provided that "[i]n addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 [is to be paid] in the plan."

1

4. Debtors' counsel has now filed the present Application requesting an additional $2,300.62 in compensation and expenses. Accordingly, the total attorney fees and expenses for this case thus far total $6,300.62. (ECF No. 51).

5. The District has determined that $4,500.00 is a presumptively reasonable fee ("PRF") for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

### Applicable Law

6. The PRF should be used "as a guide or 'starting point' to what should be considered a 'reasonable fee in a routine Chapter 13 case in this District." *In re Badyrka*, No. 5:20-20-03618-MJC, 2022 WL 4656034 at *6 (Bankr. M.D. Pa. Sept. 30, 2022) (citation omitted).

7. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

8. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows **reasonable** fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

9. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

10. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

11. Under Bankruptcy Rule 2017(b), the Court "may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive . . .." Fed. R. Bankr. P. 2017(b).

12. The applicant bears the burden of proving that the fees and expenses sought are reasonable and necessary. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 261 (3rd Cir. 1995). "When the issues are not complex and the process is straightforward, an attorney is expected to exercise 'billing judgment' and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time." *In re Parilla*, 530 B.R. 1, 13 (Bankr. D.P.R. 2015) (quoting *In re Thorn*, 192 B.R. 52, 56 (Bankr. N.D.N.Y. 1984).

13. "Excessive attorney's fees should not be awarded where such award contravenes the purposes of Chapter 13." *In re Tcherneva*, 638 B.R. 676 (Bankr. E.D.N.Y. 2022).

14. The Court must conduct an objective inquiry based upon what services a reasonable lawyer or law firm would have performed in the same circumstances. *In re Fleming Companies, Inc.*, 304 B.R. 85, 89-90 (Bankr. D. Del. 2003). A "judge's experience with fee petitions and his or her expert judgment pertaining to appropriate billing practices, bounded on an understanding of

3

Case 1:19-bk-04521-HWV    Doc 54    Filed 09/21/23    Entered 09/21/23 11:41:23    Desc
Main Document    Page 3 of 9

the legal profession, will be the starting point for any analysis." *Id.* (citing *Busy Beaver*, 19 F.3d at 854). When making its consideration, the Court is not required to make a line-by-line analysis of the fee application, and a sampling will suffice. *See*, e.g., *In re Maruko, Inc.*, 160 B.R. 633, 642 (Bankr. S.D. Cal. 1993). Since "its time is precious, the reviewing Court need only correct reasonable discernible abuses, not pin down to the nearest dollar the precise fee to which the professional is ideally entitled." *Busy Beaver*, 19 F.3d 833 at 844-845; *see* also *In re Strauss*, No. 21-00995-MJC (Bankr. M.D. Pa. Mar. 31, 2023).

15. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

16. Further, with regard to defending fee applications, the Supreme Court has been clear in stating: "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter." *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2169 (2015).

17. Bankruptcy courts have a duty to review fee applications, which derives from a court's inherent obligation to monitor the administration of a debtor's estate and to protect the public interest. *In re Busy Beaver Building Centers,* 19 F3d 833, 841 (3d Cir. 1994). In order for the Court to be able to properly review the fee application at issue and determine reasonableness, all fees dating back to the inception of this case should be reviewed, even if this case began with attorney fees being paid as a presumptively reasonable fee.

18. The Trustee is mindful of the Honorable Mary D. France's opinion published in this district in the case of *In re Long*, 553 B.R. 266 (Bankr. M.D Pa. 2016). There, the court indicated that "If an attorney agrees to be paid the applicable [presumptive reasonable fee] for services through confirmation of the plan, he is not required to include in this fee post-confirmation services. . .." *Id.* at 271. Although *Long* is not binding on this Court, the Trustee's position is not at odds with that decision. The Trustee does not assert that any post-confirmation services should be included in the attorney's "no look" fee here. Rather, the Trustee asserts that, because attorney fees are being requested under a hybrid approach (i.e., being paid the presumptive reasonable fee and then also filing a post-confirmation fee application), a determination of fee reasonableness as a whole is necessary.

**Analysis and Facts Specific to the Present Fee Application**

19. The Trustee avers that where Applicant has requested fees under a hybrid approach (i.e., being paid the presumptively reasonable fee and then filing a post-confirmation fee application), the overall fees must be reviewed as a whole, and as such fees requested in the present fee application should be reduced if it is found that time charged prior to confirmation was unreasonable.

20. Additionally, the Trustee avers that although Applicant has indicated there was a period of time where they were without a paraprofessional, any time billed during this period for tasks that would ordinarily have been performed by a paraprofessional should be reduced to a paraprofessional rate.

21. Accordingly, the Trustee avers the Fee Application is not reasonable for the following reasons:

5

a. The Fee Application includes charges that are excessive relative to the complexity of the task, which are not allowed under Section 330(a)(1):

   1) On October 21, 2019, Applicant charged 2.1 hours in the amount of approximately $591.55 for "Preparation of petition and schedules", which is excessive where the task performed could ordinarily be delegated either in whole or in part to a paraprofessional. (ECF No. 53). Therefore, the fees should be reduced to a paralegal rate.

   2) On October 21, 2019, Applicant charged .5 hours in the amount of approximately $140.85 for "Filing and service of petition", which is excessive where the task performed ordinarily could have been delegated either in whole or in part to a paraprofessional. (ECF No. 53). Therefore, the fees should be reduced to a paralegal rate.

   3) On October 25, 2019, Applicant charged .3 hours in the amount of approximately $84.51 for "Filing and service of bankruptcy papers", which is excessive where the task performed ordinarily could have been delegated either in whole or in part to a paraprofessional. (ECF No. 53). Therefore, the fees should be reduced to a paralegal rate.

   4) On October 28, 2019, Applicant charged .4 hours in the amount of $112.68 for "Preparation of motion for wage attachment", which is excessive where the task performed ordinarily could have been delegated either in whole or in part to a paraprofessional. (ECF No. 53). Therefore, the fees should be reduced to a paralegal rate.

5) On November 18, 2019, Applicant charged .2 hours in the amount of approximately $56.34 for "Correspondence from/to client re new mortgage payment", which is excessive where the task performed ordinarily could have been delegated either in whole or in part to a paraprofessional. (ECF No. 53). Therefore, the fees should be reduced to a paralegal rate.

6) On December 20, 2019, Applicant charged .2 hours in the amount of approximately $56.34 for "Correspondence to client re confirmation hearing", which is excessive where the task performed could ordinarily be delegated either in whole or in part to a paraprofessional. (ECF No. 53). Therefore, the fees should be reduced to a paralegal rate.

7) On January 22, 2020, Applicant charged .2 hours in the amount of approximately $56.34 for "Correspondence to client re confirmation order", which is excessive where the task performed could ordinarily be delegated either in whole or in part to a paraprofessional. (ECF No. 53). Therefore, the fees should be reduced to a paralegal rate.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

                                        Respectfully submitted,

                                        Jack N. Zaharopoulos
                                        Standing Chapter 13 Trustee
                                        8125 Adams Drive, Suite A
                                        Hummelstown, PA 17036
                                        (717) 566-6097

BY:    /s/ Douglas R. Roeder____
         Attorney for Trustee

## CERTIFICATE OF SERVICE

AND NOW, this 21st day of September, 2023, I, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Tracy L. Updike, Esquire
3401 N. Front Street
Harrisburg, PA 17110
sbch13trusteeupdike@gmail.com

/s/Elizabeth R. Fitzgerald
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097